UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tarone D. Johnson, # 260921, | ) C/A No. 4:09-0156-GRA-TER |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| State of South Carolina; and Anthony Padula, Warden of Lee Correctional Institution, | ) |
| Respondents. | ) |

### *Background of this Case*

This is a habeas corpus action filed pursuant to 28 U.S.C. § 2254. The petitioner is confined at the Lee Correctional Institution. On September 3, 1999, in the Court of General Sessions for Charleston County, the petitioner was convicted, pursuant to a jury's verdict, of murder (Indictment No. 99-GS-10-3890) and was sentenced to life in prison. The South Carolina Court of Appeals affirmed the conviction, on direct appeal, on September 17, 2002 (Opinion No. 2002-UP-74). The Supreme Court of South Carolina denied certiorari in the direct appeal on February 6, 2003. The petitioner retained counsel for his PCR case, but his PCR counsel did not timely file a PCR case. The petitioner filed his own *pro se* PCR case (Case No. 2007-CP-10-2058) on May 16, 2007, and raised various grounds in his PCR case, including ineffectiveness of his retained PCR counsel. The

1

Court of Common Pleas denied relief on March 12, 2008, and, according to the petitioner's answers, the Supreme Court of South Carolina, denied certiorari on April 5, 2008, pursuant to SCACR 227(c).

Although the petitioner signed the Section 2254 petition on December 4, 2008, he did not mail the petition to the Clerk's Office until January 16, 2009. Since the petition is untimely and the petitioner did not answer Question 18, the undersigned in the order (Entry No. 6) filed in this case on February 2, 2009, directed the petitioner to answer a Special Interrogatory as to why this case should not be dismissed for untimeliness. The petitioner has done so. In his Answers to Court's Special Interrogatories (Entry No. 10), the petitioner states that the untimeliness has resulted from the negligence of retained post-conviction counsel.

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

With respect to his conviction and sentence, the petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which remedies can be sought only after the petitioner has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)). *See also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Picard v. Connor*, 404 U.S. 270 (1971); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3rd Cir. 1986) (exhaustion required under § 2241).

---

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

Although the petitioner has exhausted his state court remedies, the petition in the above-captioned case is clearly untimely.

The "delivery" date of the instant petition is January 16, 2009. *Houston v. Lack*, 487 U.S. 266, 270-76 (1988) (prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court). The petition and exhibits show the following periods of untolled time:

> February of 2003 to May 16, 2007
>
> April 19, 2008[3] to January 16, 2009

Hence, the petitioner has at least four years and ten months of untolled time. This aggregate time period exceeds the one-year statute of limitations required by the AEDPA's amendments to Title 28. 28 U.S.C. § 2244(d). Therefore, the present petition is time-barred and should be dismissed on that basis. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).[4] *See also Day v. McDonough*, 547 U.S. 198 (2006). *Cf. Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va. 1989) (civil rights case: "A

---

[3] The date of the remittitur from the Supreme Court of South Carolina is not disclosed in the petition, but it can be judicially noticed that the remittiturs are, typically, issued between a day and two weeks after the decision. Hence, in calculating the limitations period and construing matters in a manner most favorable to the petitioner, the undersigned is assuming that the remittitur was issued no earlier than April 19, 2008.

[4] The petitioner's response (Entry No. 10) to the order of February 2, 2009, and his right to file objections to this Report and Recommendation **constitute the petitioner's opportunities to object to a dismissal of this petition based on the statute of limitations.** *Hill v. Braxton*, 277 F.3d at 707 (habeas case; timeliness may be raised *sua sponte* if evident from face of pleading, but petitioner must be given warning and opportunity to explain before dismissal). *Cf. Bilal v. North Carolina*, 287 Fed.Appx. 241, 2008 U.S. App. LEXIS 15458, 2008 WL 2787702 (4th Cir., July 18, 2008).

    It should be noted that a petitioner has to show extraordinary circumstances to warrant equitable tolling. *See Rouse v. Lee,* 339 F.3d 238 (4th Cir. 2003). Additionally, it is well established that a pro se prisoner's ignorance of the law is not a basis to invoke equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed.").[5]

The negligence of the petitioner's retained PCR counsel is not a basis for federal habeas corpus relief because deficiencies in a post-conviction proceeding are ***not*** cognizable under 28 U.S.C. § 2254. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (collecting cases holding that errors in a state post-conviction proceeding "cannot serve as a basis for federal habeas corpus relief"); and 28 U.S.C. § 2254(i), which codifies prior case law.[6]

## Recommendation

Accordingly, it is recommended that the § 2254 petition be dismissed *with prejudice and without requiring the respondents to file an answer or return* because the petition is clearly untimely

---

[5]The United States Court of Appeals for the Fifth Circuit has commented on the purpose and effect of statutes of limitations:

> Limitations statutes, however, are not cadenced to paper tidiness and litigant convenience. Time dulls memories, evidence and testimony become unavailable, and death ultimately comes to the assertion of rights as it does to all things human.

*United States v. Newman*, 405 F.2d 189, 200 (5th Cir. 1969) (citation omitted from quotation).

[6]It, however, should be noted that inquiries in a negligence or legal malpractice action are distinct from inquiries in a post-conviction (or habeas corpus) proceeding as to whether an attorney was "ineffective" at trial. *Compare Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992) (plaintiff in legal malpractice action must establish by expert testimony specific duty required of the attorney and the breach thereof), *affirmed*, *Cianbro Corporation v. Jeffcoat and Martin*, 1993 U.S.App. LEXIS 30,080, 1993 WL 478836 (4th Cir., Nov. 22, 1993), 10 F.3d 806 [Table], *with Hill v. Lockhart*, 474 U.S. 52, 56-60 (1985) (in a post-conviction or habeas corpus proceeding, a state prisoner must show that there is a reasonable probability that, but for counsel's alleged errors at trial, he or she would not have been convicted).

under the one-year limitations provision of the AEDPA, 28 U.S.C. § 2244(d). *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, 1995 U.S.Dist. LEXIS 4614, *2-*3, 1995 WL 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The petitioner's attention is directed to the important notice on the next page.

|  |  |
|---|---|
| February 26, 2009 | s/Thomas E. Rogers, III |
| Florence, South Carolina | Thomas E. Rogers, III |
|  | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).