UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Tarone D. Johnson, # 260921,        )
            Petitioner,        )        4:09-cv-00156-GRA
      vs.                            )        ORDER
State of South Carolina; and        )
Anthony Padula, Warden of          )
Lee Correctional Institution,          )
            Respondents.      )

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., filed on February 26, 2009. In this Report and Recommendation, the magistrate recommends dismissing this action with prejudice and without requiring the respondent to answer the complaint.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court

may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  F ED. R. C IV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

First, the petitioner requests that he be able to pursue an Estoppel by Contract defense.  However, this issue was not presented to the magistrate.  Additionally, as this is a § 2254 action Contract by Estoppel is not applicable.

Second, the petitioner argues that "The one year period limitation [sic.], in § 2244(d)(1) of the AEDPA is to be construed as a statute of limitation, and not a jurisdictional bar."  Such an argument misunderstands the concept of a statue of limitations.  Under the AEDPA, a petitioner has one year to file a habeas petition.  Time

deemed to be tolled by the Court does not count toward this one year.  As the magistrate's Report and Recommendation shows, the petitioner has at least four years and ten months of untolled time.  Accordingly, the petitioner's claim is outside of the statute of limitations and must be dismissed with prejudice.

After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case.   Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

Therefore, the § 2254 petition is dismissed with prejudice and without requiring the respondents to file an answer or return.

IT IS SO ORDERED.

                                                G. ROSS ANDERSON, JR.
                                                UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

March 25, 2009

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.